# Bullock *v.* Vann.

*Action on Promissory Note, by Assignee against Maker.*

1. *Transfer of promissory note by husband and wife* —Under the statute regulating the separate estates of married women. which has been in force since February 28th, 1887 (Sess. Acts 1886-7, p. 81; Code, §§ 2346, 2348), a promissory note which is the separate property of the wife, having been made payable to her while sole and unmarried, may be transferred by her written assignment, to which the husband's consent is affixed in writing, as well as by a joint assignment.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JAMES M. CARMICHAEL.

This action was brought by Osborn C. Bullock, against John C. Vann; was founded on the defendant's promissory note under seal, for $281.74, which was dated April 9th, 1887, and payable on the 1st December, 1887, "to the order of Fannie L. Paschal, or bearer;" and was commenced on the 9th March, 1888. The plaintiff sued as the assignee of the note, alleging that it was his property. The defendant

[Bullock v. Vann.]

filed a special plea, verified by affidavit, denying the plaintiff's ownership of the note, and alleging that it still belonged to the payee, then the wife of A. R. Calhoun. Issue was joined on this plea. On the trial, the plaintiff offered the note in evidence, with the indorsements thereon, which consisted of an assignment by Mrs. Calhoun, in these words, "For value received, I hereby assign the within note to O. C. Bullock," to which her name was signed; and underneath the words were added, "I hereby consent to the above assignment," to which the name of Calhoun was signed. On objection by the defendant, the court excluded the indorsements as evidence; to which ruling the plaintiff excepted, and took a non-suit.

WATTS & SON, for appellant.

L. W. MARTIN, contra.

SOMERVILLE, J.—The defendant's sworn plea denies the plaintiff's ownership of the promissory note, which is the subject of the suit.

The evidence shows that the note was the separate property of Mrs. Calhoun, who is a married woman, and that she assigned the instrument in writing to the plaintiff after February 28th, 1887, when the new married woman's law of that date went into effect. To this assignment, the husband, A. R. Calhoun, appended his consent in writing, which he duly subscribed. The act above cited, now comprised in the present Code, provides that "the wife has full legal capacity to contract in writing as if she were sole, with the assent or concurrence of the husband expressed in writing."—Code, 1886, § 2346; Acts 1886-87, sec. 6, p. 81.

The note was personal property of the wife, within the meaning of this term as used in the statute, and the title unquestionably passed to the plaintiff by the assignment. Code, 1885, § 2348; § 2, sub-div. 3. A strictly joint contract of transfer or assignment was unnecessary.

Reversed and remanded.